that appellant's guilt depended upon the legality of the search of the car.

Under the facts, no offense which would authorize appellant's arrest without a warrant was being committed in the presence of the policemen. The search of the car, therefore, must depend upon the existence of probable cause to warrant and authorize the search.

We cannot bring ourselves to the conclusion that the facts above stated constituted that probable cause. See Williams v. State, 118 Tex.Cr.R. 369, 40 S.W.2d 142.

The search of appellant's automobile being illegal and the state's case being dependent upon the legality of the search, a reversal of the conviction is required.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

## LESTER v. STATE.
### No. 25090.

Court of Criminal Appeals of Texas.
Jan. 3, 1951.

No attorney, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with driving a motor vehicle while intoxicated. He pleaded guilty before the court, having waived a jury. The court found him guilty and assessed a fine of fifty dollars.

There is neither a bill of exception nor a statement of facts in this record.

The judgment is affirmed.